```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/2/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

MOHAMMAD SHAJAN,
MOHAMMAD RAHMAN,
MILTON CAGUANAO,
ZAHANGIR ALAM,
MOHAMMAD YUSUF,
on behalf of themselves and others similarly situated,

        Plaintiffs,                        10 Civ. 1385 (CM)

    -against-

BAROLO, LTD.,
PAOLO SECONDO,

        Defendants.

--------------------------------------------------------------x

### MEMORANDUM ORDER GRANTING MOTION FOR CONDITIONAL COLLECTIVE ACTION CERTIFICATION AND AUTHORIZING THE FORM OF OPT-IN NOTICE PURSUANT TO F.L.S.A. § 216(B)

McMahon, J.:

      Before the Court is plaintiffs' motion for conditional certification of an opt-in class pursuant to 29 U.S.C. § 216(b). The proposed class consists of the named plaintiffs and all waiters, bartenders, runners and/or bussers (hereinafter, the "Service Employees") —essentially all employees who qualify for tips pursuant to the Fair Labor Standards Act. Plaintiffs allege that the restaurant that employs them (defendant Barolo, Ltd.) has been retaining tips and distributing them to employees who are ineligible for participation in the restaurant's tips pool. This, they allege, means that the employer cannot take advantage of the FLSA's and the New York State Labor Law's "tip credit" against its minimum wage obligations. See 29 U.S.C. § 203(m); 12 N.Y. Comp. Code R. & Regs. § 137-1.5. And plaintiffs allege that, absent the tip credit, the employer is not paying these Service Employees the minimum wage. Plaintiffs also allege that they and other service personnel at Barolo's are not being paid time and a half for working more than forty hours in any given week and are being forced to work in excess of ten hours per day.

      The allegations of the complaint, if proved, reveal that this action is appropriate for conditional certification as a collective action under the lenient standard employed in this Circuit. Based on the pleadings and affidavits, I conclude that the named plaintiffs are "similarly situated" to other waiters, bartenders and busboys at the restaurant.

Nothing more is needed at this stage of the litigation. See Fasanelli v. Heartland Brewery, Inc., 516 F. Supp. 2d 317, 321 (S.D.N.Y. 2007). Weighing of the merits is absolutely inappropriate. Lynch v. United Serv. Auto. Ass'n, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007).

Basically, defendants oppose the motion on the ground that the plaintiffs have failed to specify what their job duties are, and so have not established that they and the other members of the proposed class are similarly situated. This is a ridiculous argument. The Court has not spent her life under a toadstool—I know what waiters, busboys and bartenders do when they go to work. Defendant certainly offers no evidence that these plaintiffs are unique in the world of service personnel in restaurants.

I therefore conditionally certify this action as an opt-in class action pursuant to 29 U.S.C. § 216(b). I order that defendants provide plaintiffs, within ten days, a computer-readable list containing the names of all waiters/waitresses, servers, bartenders and barbacks, and buspersons who were employed at Barolo at any point during the three years prior to the date of this order, together with last known address, alternate address (if any), all known telephone numbers, Social Security number, and dates of employment. Three years is the appropriate time period at this conditional certification stage.

Plaintiffs shall provide a fully executed agreement to maintain confidentiality regarding the use of Social Security numbers within five days of the date of this order. The agreement shall state that the numbers will be maintained by counsel alone (no outside consultants) and used solely to perform skip trace for notices returned as undeliverable; that all copies of the numbers, including any program or other document created using the numbers, will be destroyed once the skip trace analysis is completed; and that counsel will certify, in writing, that the terms of this order have been adhered to once the destruction of this data is complete.

The Court finds that plaintiffs' proposed notice should be modified to include the following information: putative class members should be told that they may be required to participate in the process known as pre-trial discovery, which may involve answering questions under oath, orally or in writing; they may also be required to testify at trial. The notice should say that receipt of this notice does not mean that the person will recover any money. And the notice should say that anyone who consents to participate has the right to hire his/her own attorney, at his/her own expense.

However, the language about not participating in any recovery if the recipient does not file the consent form will not be stricken. Defendants will not be permitted to include any statement of position in the notice, and nothing is to be said about paying defendants' costs. Except for the provisions added by the Court, everything defendants propose to add to or strike from the notice is designed to discourage putative class members from participating.

The opt-in forms should be returned to the Clerk of the Court. Since all current employees will be receiving the notice, there is no need to require defendants to post the notice in the workplace.

In light of the conference before this Court on April 20, 2010, the Court believes that the sooner we reach the critical issue in this case—whether certain persons who are not putative class members can participate in Barolo's "tips pool"—the better. Accordingly, plaintiffs should, within twenty one days of this order, identify any employees (by name or job title) who they believe are wrongfully participating in the tips pool, and within twenty days thereafter, defendants should submit a sworn written statement describing the job duties of those individuals or job titles. Then we can set a schedule for briefing the legal issue of whether those individuals/job titles are legally entitled to share in the wait-staff's tips.

The Clerk of the Court is instructed to remove the motion for conditional class certification (docket no. 13) from the Court's active motion list.

This constitutes the decision and order of this Court.

Dated: June 2, 2010

_____
U.S.D.J.

BY ECF TO ALL COUNSEL

3